UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER BURGOS,

       Petitioner,

v.                             Case No. 8:12-cv-1870-T-33EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

       Respondent,

_____

## O R D E R

This cause is before the Court on Alexander Burgos' 28 U.S.C. § 2254 petition for writ of habeas corpus.  Burgos challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida in case number 04-19728.

## PROCEDURAL HISTORY

Burgos pled guilty to four counts of trafficking in heroin.  On July 7, 2010, the state trial court sentenced Burgos to 120 months incarceration. Burgos states that he filed a petition for belated appeal on November 28, 2011, and that the petition was granted on March 12, 2012. The second district court of appeal per curiam affirmed Burgos' conviction and sentence on January 11, 2013.

The website for the state district court of appeal demonstrates that Burgos filed a Rule 3.850 motion for postconviction relief.  The state trial court denied the motion, and the state district court of appeal per curiam affirmed the denial of postconviction relief on

December 12, 2014.  The mandate issued January 8, 2015.

Burgos filed the present 28 U.S.C. § 2254 petition on August 17, 2012.  The petition is timely, even though Burgos filed the state petition for belated appeal on November 28, 2011, more than one year after July 7, 2010, the date of his conviction and sentence.  *See Clarke v. Dept. of Corr. of Fla.,* 566 F.3d 1278, 1280 (11th Cir. 2009) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009) (If a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In these kinds of cases, the petitioner's conviction does not become "final" until "the availability of direct appeal to the state courts, and to th[e Supreme] Court, has been exhausted.")

However, Burgos' petition is procedurally barred and has no merit.

## DISCUSSION

Burgos raises one ground for relief in the present 28 U.S.C. § 2254 petition:

> Petitioner seeks relief from this honorable court to vacate conviction and sentence to a term of imprisonment that was illegally procure [sic] in the Circuit Court of the Thirteen Judicial Circuit, Hillsborough County, Florida, due to the unconstitutional F.S. Chapter 893, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

(Petition, Doc. 1, at 7).

Burgos states that he did not raise this ground on appeal because the "Florida Supreme Court does not recognize the Mens Rea requirement on Drug Control Laws." (Id.). He also states: "Exhaustion of state remedies would result in wasteful of judicial energy and prejudicial delay of relief since Florida lower courts are bound to follow

Supreme Court case law." (Id.).

## PROCEDURAL DEFAULT

To the extent Burgos has not raised his present ground for relief in state court, he has failed to exhaust that claim, and the claim is procedurally barred in this Court.

To satisfy the exhaustion requirement pursuant to 28 U.S.C. 2254(b)(1), the prisoner must fairly present his grounds in each appropriate state court to alert that court to the claim's federal nature. *See Baldwin v. Reese*, 541 U.S. 27, 31 (2004). Burgos' failure to timely advance his grounds at the state level deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The unexhausted claim is no longer viable under state law because the deadline for seeking appellate review in the state district court of appeal has passed. Florida Rule of Appellate Procedure 9.110(b) requires that notice of appeal be filed within 30 days of rendition of the order to be reviewed. Burgos is procedurally barred from seeking further review in state court.

To overcome the procedural bar, Burgos must demonstrate cause for the default and actual prejudice, or demonstrate that the alleged constitutional violation has probably resulted in the conviction of an innocent person. *Coleman v. Thompson*, 501 U.S. 722 (1991). Burgos has not done so.

Even if Burgos' ground were not procedurally barred, the ground has no merit.

## DISCUSSION

Burgos seeks to have this Court vacate his conviction and sentence "to a term of

3

imprisonment that was illegally procured." Burgos relies on Florida Statute § 893.13 and specifically on his contention that the statute is unconstitutional, based on the District Court's ruling in *Shelton v. Sec'y Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011).

Burgos' claim has no merit. While it is true that the District Court, in *Shelton v. Sec'y Dep't of Corr.*, granted, in part, Shelton's writ of habeas corpus based on its determination that Fla. Stat. § 893.13 was unconstitutional on its face, that decision has since been reversed by the Eleventh Circuit Court of Appeals. *See Shelton v. Sec'y Dep't of Corr.*, 691 F.3d 1348, 1354-55 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1856 (2013).  Furthermore, the Florida Supreme Court has, contrary to the district court decision in *Shelton*, specifically held Fla. Stat. § 893.13 to be constitutional. *See State v. Atkins*,  So. 3d 412, 414-15, 422-23 (Fla. 2012).

Burgos states that he relies on *Shelton*, 802 F. Supp.2d 1289 and *Atkins* to support his claim for habeas corpus relief.  Because the holdings in these cases do not support Burgos' claim that Fla. Stat. § 893.13 is unconstitutional, Burgos' claim does not warrant habeas corpus relief.

Accordingly, the Court orders:

1. That Burgos' 28 U.S.C. § 2254 petition is denied.  The Clerk is directed to enter judgment against Burgos and to close this case.

2. That, if Burgos can demonstrate by record evidence that he exhausted ground one in state court, and can demonstrate that ground one has merit, the Court will entertain a motion to reopen this case within 30 days of the date of this order.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is required to pay the $505.00 appellate filing fee unless the appellate court grants Petitioner in forma pauperis status on appeal.

ORDERED at Tampa, Florida, on March 17, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Alexander Burgos